**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JASMINE CHATMAN, | ) | |
| | ) | |
| | ) | Case No. 20-cv-04235 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MEDICAL BUSINESS BUREAU, LLC, | ) | |
| | ) | <u>Jury Demanded</u> |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Jasmine Chatman brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

### STANDING

3. Defendant sent Plaintiff a collection letter that failed to adequately disclose her rights under the FDCPA.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations. *E.g. Genova v. IC Systems, Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting

1

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6.      Plaintiff, Jasmine Chatman ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect an alleged debt for a medical bill. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7.      Defendant Medical Business Bureau, LLC ("MBB"), is an Illinois company that does or transacts business in Illinois. It is a registered agent at 1460 Renaissance Drive, Suite 400, Park Ridge, IL 60068.

8.      MBB is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9.      Defendant MBB holds a collection agency license from the State of Illinois.

10.      Defendant MBB regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## **FACTUAL ALLEGATIONS**

11.    According to Defendant, Plaintiff incurred an alleged debt for a medical account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

12.    Due to her financial circumstances, Plaintiff was unable to pay any debts, and the alleged debt went into default.

13.    MBB subsequently began collection activities on the alleged debt.

14.    On or about June 10, 2020, MBB sent Plaintiff a text message to collect the debt ("Letter") in an attempt to collect the alleged debt.



15.     The Letter conveyed information regarding the alleged debt, including the nature of the debt (medical), the name of the debt collector and the fact that the letter was an attempt to collect the debt.

16.     The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

17.     The Letter was MBB's initial communication with Plaintiff concerning the alleged debt.

18.     The Letter states "This is an attempt to collect a debt…"

19.     The Letter does not disclose the amount of the debt

20.     The Letter does not disclose the name of the creditor to whom the debt is owed

21.     The Letter does not disclose any of Plaintiff's rights under 15 U.S.C. 1692g to dispute the alleged debt or to request validation of the alleged debt.

22.     To date, MBB has not informed Plaintiff of any of her rights pursuant to 1692g of the FDCPA.

23.     15 U.S.C. § 1692g of the FDCPA provides as follows:

**Validation of debts**

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .**

24.     MBB failed to provide required disclosures to Plaintiff, in violation of 15 U.S.C. §§ 1692(g) when it failed to provide the amount of the debt, the name of the original creditor and advise Plaintiff of her right to dispute the alleged debt, to request verification, and to request the name of the original creditor of the alleged debt.

25.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

26.     Plaintiff re-alleges above paragraphs as set forth fully in this count.

27.     MBB failed to provide required disclosures to Plaintiff, in violation of 15 U.S.C. §§ 1692(g) when it failed to provide the amount of the debt, the original creditor and advise Plaintiff of her right to dispute the alleged debt, to request verification, and to request the name of the original creditor of the alleged debt.

28.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Credit Control as follows:

A. Statutory damages in favor of plaintiff and all class members pursuant to 15

U.S.C. § 1692k(a)(2)(B);

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

C. Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

By: s/Michael Wood
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers LLC**
20 N. Clark Street, Suite 3100
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com